**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MICHAEL WARREN NAYLOR, # 92376**                                **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 4:09-cv-151-HTW-LRA**

**CITY OF MERIDIAN, MISSISSIPPI,**
**LARRY E. ROBERTS AND E.J. MITCHELL**                          **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

On November 16, 2009, the Plaintiff, an inmate incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On January 28, 2010, an order [7] was entered directing Plaintiff to file a written response on or before February 18, 2010. The Plaintiff was warned in this Court's order [7] of January 28, 2010, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. Plaintiff failed to comply with this order [7].

In an order [9] entered March 11, 2010, Plaintiff was directed to show cause why this case should not be dismissed for his failure to comply with this Court's order [7] of January 28, 2010. Additionally, Plaintiff was directed to comply with the January 28, 2010 order [7], on or before April 1, 2010. Plaintiff was warned in the show cause order [9] that failure to advise this Court of a change of address or failure to timely comply with any order of this Court would lead to the dismissal of his complaint. Plaintiff failed to comply with this order [9].

On April 20, 2010, this Court entered a second order [10] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders [7,

9] of January 28, 2010 and March 11, 2010.  In addition, Plaintiff was directed to comply with the January 28, 2010 order [7] on or before May 11, 2010.  The Plaintiff was warned in this Court's order [9] of April 20, 2010, that failure to advise this Court of a change of address or failure to timely comply any order of this Court would result in this cause being dismissed.  Plaintiff failed to comply with this order [9].

Plaintiff has failed to comply with three Court orders and has not contacted this Court since December 4, 2009.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.,* 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be

dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 25th day of June, 2010.

s/ HENRY T. WINGATE
CHIEF JUDGE
UNITED STATES DISTRICT COURT


Civil Action No. 4:09-cv-151 HTW-LRA
Memorandum Opinion and Order